# Third District Court of Appeal

## State of Florida

Opinion filed February 22, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-270
Lower Tribunal No. 19-19087
_____

**United States Aviation Underwriters, Inc., etc.,**
Appellant,

vs.

**Turnberry Airport Holdings, LLC, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Goldstein & Company, and Jason Goldstein and Maria Piva, for appellant.

Clyde & Co US LLP, and David A. Wagner and Clayton W. Thornton, for appellee.

Before LOGUE, MILLER, and BOKOR, JJ.

LOGUE, J.

This appeal concerns an insurer's right of subrogation against a third-party commercial lessor of hangar space for damages to an insured's aircraft. Because we conclude that the insurer's right of subrogation in this instance was waived by contract of the parties, we affirm the trial court's final summary judgment against the insurer.

Appellee, Turnberry Airport Holdings, LLC ("Hangar Owner"), leased hangar space at Miami-Opa Locka Executive Airport to an insured aircraft owner. The insured's aircraft was subsequently damaged when the fire suppression system in the hangar went off, and the insured filed an insurance claim with its insurer, represented here by Appellant United States Aviation Underwriters, Inc. ("Insurer"). The Insurer duly paid the claim and then filed a subrogation action, in which it stood in the shoes of its insured, against the Hangar Owner.

Such subrogation matters are routine, and most insurance policies contain language that the insured cannot waive its rights against a third party in a way that frustrates the insurer's right of subrogation. However, many commercial leases have anti-subrogation provisions in which the landlord and the tenant agree to waive any claim against each other. These provisions are, in effect, agreements that each party will purchase its own insurance to protect its own interest.

Here, the lease between the insured aircraft owner and the Hangar Owner contained such provisions: "TENANT and LANDLORD release each other and waive any right of recovery against each other for loss or damage…" and "TENANT agrees that all policies of insurance obtained by it in connection with the Space or as required hereunder shall contain appropriate waiver of subrogation clauses." Accordingly, the insurance policy between the insured aircraft owner and the Insurer expressly revoked the normal protection of subrogation and expressly waived subrogation as to the Hangar Owner: "The 'Rights against third parties' section of your policy shall not apply to Turnberry Airport Holdings, LLC [the Hanger Owner]…."

Given the contractual language, the trial court properly entered summary judgment against the Insurer. Arguelles v. Citizens Prop. Ins. Corp., 278 So. 3d 108, 111 (Fla. 3d DCA 2019) ("When the language of an insurance policy is clear and unambiguous, a court must interpret it according to its plain meaning, giving effect to the policy as it was written.") (quoting E. Fla. Hauling, Inc. v. Lexington Ins. Co., 913 So. 2d 673, 676 (Fla. 3d DCA 2005)).

Affirmed.